T.C. Memo. 2014-121

UNITED STATES TAX COURT

DAVID H. GARZA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5557-13.                          Filed June 17, 2014.

<u>Rachael E. Rubenstein</u>, for petitioner.

<u>Maria Cerina De Ramos</u> and <u>Brooke S. Laurie</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a $3,608 deficiency in petitioner's

Federal income tax for 2010.  The sole issue for decision is whether petitioner is

entitled to deduct unreimbursed employee expenses reported on Schedule A,

Itemized Deductions.  Unless otherwise indicated, all section references are to the

[*2] Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas when he filed his petition.

In 2010, petitioner was employed by Time Warner Cable (TWC) as an outside direct sales representative. His position mostly required traveling to potential or dissatisfied customers and performing various tasks based on their particular needs. Petitioner used his personal vehicle, a Ford F150 pickup truck (truck), for business travel and, as per TWC's policy, was not reimbursed for vehicle expenses. Petitioner occasionally used his truck for personal travel as well.

To keep track of his truck expenses in 2010, petitioner kept records in a calendar planner book. Through the year, petitioner usually recorded his truck's odometer readings at the start and end of each month, with some months including intermediate readings. Besides the odometer readings, the calendar planner had some personal notes but provided no other information related to vehicle

**[*3]** expenses. Similarly, the planner did not record any personal travel made while using the truck.

Petitioner timely filed his 2010 Federal income tax return. On Schedule A, petitioner reported unreimbursed employee expenses of $24,939.55 and a resulting deduction of $24,049.24. The reported employee expenses consisted of $4,854.10 in meals and entertainment expenses and $20,085.50 in vehicle expense based upon 40,171 business miles driven.

In the statutory notice, the Internal Revenue Service disallowed $24,048 of petitioner's unreimbursed employee expense deduction. Prior to trial, petitioner conceded that he was not entitled to meals and entertainment expenses for 2010, and, at trial, petitioner further conceded that 4,608 of the reported 40,171 business miles were actually attributable to commuting.

## OPINION

Generally, a taxpayer must keep records sufficient to establish the amounts of the items reported on his or her Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. The taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see sec.

**[*4]** 7491(a)(2) (requiring compliance with statutorily imposed substantiation and recordkeeping requirements for the burden of proof to shift). A taxpayer must substantiate deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Furthermore, deductions for certain expenses are subject to strict substantiation requirements, and an allowance therefore may not be estimated by the Court. The expenses in issue here fall within that category. See, e.g., Schladweiler v. Commissioner, T.C. Memo. 2000-351, aff'd, 28 Fed. Appx. 602 (8th Cir. 2002).

Petitioner has conceded that he is not entitled to deduct his commuting expenses. See sec. 262; sec. 1.162-2(e), Income Tax Regs.; see also Steinhort v.

[*5] Commissioner, 335 F.2d 496, 503 (5th Cir. 1964), aff'g and remanding T.C. Memo. 1962-233; secs. 1.212-1(f), 1.262-1(b)(5), Income Tax Regs.

Section 274(d) prescribes stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including expenses related to the use of listed property as defined in section 280F(d)(4)(A). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); DeLima v. Commissioner, T.C. Memo. 2012-291, at *10. As relevant here, the term "listed property" includes passenger automobiles such as petitioner's truck. See sec. 280F(d)(4)(A)(i). To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his own statement, establishing the amount, date, and business purpose of each expenditure or business use of property. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985), provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. The strict substantiation requirements of section 274(d)

**[*6]** for vehicle expenses must be met even where the optional standard mileage rate is used. Sec. 1.274-5(j)(2), Income Tax Regs.

Petitioner elected to apply standard mileage rates and claimed a deduction for vehicle expense of $20,085.50. He maintained a calendar planner on which he occasionally entered mileage, usually at the beginning and end of a month. Petitioner's testimony at trial describing his daily activities and responsibilities during the course of his employment with TWC was credible. We are satisfied from his testimony that he traveled regularly in relation to his employment and that the calendar planner that he maintained was prepared contemporaneously.

Nevertheless, while we believe that petitioner had business travel expenses in relation to his employment, the Court must heed the strict substantiation requirements of section 274(d). See, e.g., DeLima v. Commissioner, at *16 (finding with no doubt that the taxpayer used a vehicle for business purposes, yet having no choice but to deny the vehicle expense deduction because she failed to follow the requirements of section 274(d) and its related regulations). Petitioner's calendar planner, while contemporaneous, is not reliable substantiation for the claimed expenses because petitioner failed to meet the criteria set out in section 1.274-5T(b)(6), Temporary Income Tax Regs., supra. Petitioner did not record the amount, the time, or the business purpose of each business use of his truck

**[\*7]** because, in his words, "it was just too much to do."  Accordingly, his deduction must be disallowed.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.